UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARSON BROWN,

                Plaintiff,                Case No. 1:10-cv-869

v.                                            Honorable Robert J. Jonker

LAWRENCE A. STELMA et al.,

                Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Carson Brown, a prisoner incarcerated at Lakeland Correctional Facility, filed a complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been a very active litigant in the federal courts in Michigan, filing more than twenty civil actions. In at least three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious or failed to state a claim. *See Brown v. Nobles et al.*, No. 1:93-cv-795 (W.D. Mich.) (May 10, 1994 Order & J.); *Brown v. McGinnis et al.*, No. 2:92-cv-154 (W.D. Mich.) (May 10, 1994 Order & J.); *Brown v. Koehler et al.*, No. 2:88-cv-242 (W.D. Mich.) (May 10, 1994 Order & J.). Although all of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Plaintiff also repeatedly has been denied leave to proceed *in forma pauperis* in prior cases brought in this court because he has three strikes. *See, e.g., Brown v. Overton et al.*, No. 1:02-cv-199 (W.D. Mich.) (Apr. 5, 2002 Mem. Op. & Order); *Brown v. Martin et al.*, No. 2:01-cv-83 (W.D. Mich.) (May 22, 2001 Op. & Order); *Brown v. McGinnis et al.*, 1:98-cv-385 (W.D. Mich.) (June 26, 1998 Mem. Op. & Order).

The three-strikes provision carves out an exception for prisoners who are "under imminent danger of serious physical injury." Plaintiff raises a series of complaints about his treatment while he was housed at the Kent County Correctional Facility (KCCF), including alleged deprivations of his First Amendment religious rights, interference with his legal mail, denial of access to the courts, violations of due process, and racial discrimination. He also makes limited claims about the conditions of his confinement while at the KCCF. He complains that his toilet did not flush properly between September 1, 2009 and September 22, 2009 and again between November 2009 and March 2010. He also alleges that he was not provided a 2,000-calorie diet and

was not allowed showers or given only very cold showers between August 22, 2009 and September 1, 2009 and again between September 22, 2009 and October 2, 2009. In addition, he alleges that KCCF employees denied him his prescribed medication on several occasions and denied him adequate medical treatment on other occasions in August and September 2009 and in February and March 2010. Plaintiff, however, does not allege any facts demonstrating that he is in any specific and immediate danger of serious physical injury. A prisoner's allegation that he faced imminent danger sometime in the past is insufficient basis to allow him to proceed *in forma pauperis* under the imminent danger exception to the three strikes provision. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Accordingly, Plaintiff's action does not fall under the imminent danger exception.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:   September 20, 2010          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**